IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL         :
AUTOMATIC SPRINKLER INDUSTRY     :
METAL TRADES WELFARE FUND,
et al.                           :

   v.                            :  Civil Action No. DKC 14-1883

CCR FIRE PROTECTION, LLC         :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action arising under the Employee Retirement Security Act of 1974 ("ERISA") is a motion for summary judgment filed by Plaintiffs Trustees of the National Automatic Sprinkler Industry Metal Trades Welfare Fund, et al. ("Plaintiffs"). (ECF No. 16). The relevant issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiffs' motion will be granted.

**I.  Background**

   **A.  Factual Background**

Plaintiffs are trustees of various trust funds (the "funds") that are multiemployer benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). Defendant CCR Fire Protection LLC ("Defendant") is a Louisiana Corporation and is an employer in an industry affecting commerce, as defined in sections 501(1), (3), 2(2) of the Labor Management Relations

Act, 29 U.S.C. §§ 141(1), (3), and 152(2); sections 3(5), (9), (11), (12), and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14); and section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

On June 25, 2013, Defendant executed an Assent and Interim Agreement that bound Defendant to the terms of the collective bargaining agreement between Sprinkler Fitters Union Number 669 and the National Fire Sprinkler Association. (ECF No. 16-4). Pursuant to these collective bargaining agreements, Defendant agreed to pay the funds "certain sums of money for each hour worked by employees of Defendant covered by the agreements." (*Id.* ¶ 3). Defendant is also bound to the Restated Agreements and Declarations of Trust establishing the funds (ECF Nos. 16-6; 16-7; 16-8; 16-9) and is obligated to submit forms every month reporting the amount of contributions due (ECF No. 16-2 ¶ 3).

The agreements require that an employer, such as Defendant, contribute to the funds by the 15th of each month. If an employer fails to make timely contributions, it must pay liquidated damages according to a specified formula. (*Id.* ¶ 11). If payment is late at all, the employer must pay liquidated damages of ten percent of the contribution amount; if the payment is not received by the last working day of the month the payment is due, the employer must pay an additional five percent; and if payment is not received by the fifteenth day of

2

the following month, another five percent is owed as liquidated damages. (*Id.*).

Plaintiffs assert that Defendant failed to make contributions to the funds for the months of February, March, and April 2014, a portion of which has since been collected. (*Id.* ¶¶ 6, 8). Plaintiffs also contend that Defendant did not file timely payments for the months of May through August 2013 and October 2013 through January 2014. (*Id.* ¶ 9). Plaintiffs seek the remaining outstanding contributions, liquidated damages and interest for the late payments, and attorneys' fees and costs.

**B. Procedural History**

Plaintiffs commenced this action by filing a complaint on June 11, 2014. (ECF No. 1). Following an extension of time to file an answer, Defendant answered the complaint on August 13, 2014. (ECF No. 7). On August 18, 2014, the undersigned entered a scheduling order that was subsequently amended on December 19, 2014. (ECF Nos. 8; 12). The amended scheduling order stated that discovery would close on March 31, 2015. On March 20, 2015, defense counsel filed a motion to withdraw as attorney (ECF No. 13). On April 17, 2015, Plaintiffs filed the pending motion for summary judgment. (ECF No. 16). On April 21, 2015, the undersigned granted defense counsel's motion to withdraw and directed Defendant to show cause by May 5, 2015 as to why

default should not be entered against it. (ECF No. 17). The order also noted that Plaintiffs filed a motion for summary judgment and explained that if "Defendant chooses not to file a timely written response, the Court may enter judgment against it without further notice." (*Id.*). On May 21, 2015, this court entered default against Defendant. (ECF No. 18).

**II. Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Once a properly supported motion for summary judgment is filed, the nonmoving party is required to make a sufficient showing on an essential element of that party's claim as to which that party would have the burden of proof to avoid summary judgment. *Celotex,* 477 U.S. at 322–23.

Plaintiffs' motion stands unopposed. The court must nevertheless review the motion and "determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Robinson v. Wix Filtration Corp.*, 599 F.2d 403, 409 n.8 (4th Cir. 2010). According to the United States Court of Appeals for the Fourth Circuit, "[a]lthough the failure of a party to respond to a summary judgment motion may

4

leave uncontroverted those facts established by the motion, the district court must still proceed with the facts it has before it and determine whether the moving party is entitled to judgment as a matter of law based on those uncontroverted facts." *Id.* (internal quotation marks omitted). Therefore, Plaintiffs' factual assertions will be taken as true, and Plaintiffs' claim against Defendant will be analyzed in light of those facts.

**III. Analysis**

In their motion for summary judgment, Plaintiffs seek a total of $116,324.60, which consists of: (1) unpaid contributions totaling, after partial recovery, $45,495.42; (2) liquidated damages of $49,546.74; (3) interest of $12,856.90 as of April 30, 2015; (4) attorneys' fees of $7,840.50; and (5) costs of $585.00. In support of these amounts, Plaintiffs submit the declaration of John P. Eger, Assistant Fund Administrator (ECF No. 16-2); a spreadsheet provided to Plaintiffs by Defendant detailing unpaid hours worked (ECF No. 16-11); and a spreadsheet prepared by Plaintiffs specifying unpaid contributions, liquidated damages, and interest pertaining to each of the relevant months ("Exhibit I") (ECF No. 16-12).

### A. Unpaid Contributions

Plaintiffs seek $45,495.42 in unpaid contributions for the months of February, March, and April 2014.[1] (ECF No. 16-2 ¶ 8). In support of this request, Exhibit I sets forth the amounts of unpaid contributions for these months. The hours worked noted in Exhibit I are consistent with the hours worked in the spreadsheet provided by Defendant, and the calculations are correct. Thus, the record supports Plaintiffs' request for $45,495.42 in unpaid contributions.

### B. Liquidated Damages

Plaintiffs seek $49,546.74 in liquidated damages assessed on late contributions for the months of May through August 2013 and October 2013 through January 2014. (ECF Nos. 16-2 ¶ 9; 16-12). In support of this request, Exhibit I demonstrates liquidated damages assessed for these months. These figures represent the appropriate percentage, depending on lateness, of the late payments. The record supports Plaintiffs' request for $49,546.74 in liquidated damages.

### C. Interest

Plaintiffs seek $12,856.90 in interest assessed on paid contributions at twelve percent per annum through April 30, 2015 and continuing to accrue for the unpaid contributions. (ECF No.

---

[1] The total amount of unpaid contributions is $60,958.55, but Plaintiffs have secured $15,463.13 since this action began. (ECF No. 16-2 ¶¶ 7-8).

16-1, at 7). The interest is owed pursuant to 29 U.S.C. § 1132(g) and the Restated Agreements and Declarations of Trust establishing the funds. The figures listed in Exhibit I are correctly calculated as of April 30, 2015. (ECF No. 16-12). The Restated Agreements provide for interest "from the due date to the date of payment." (ECF No. 16-6, at 24). Additional interest has accrued on the remaining unpaid contributions. The additional interest that has accrued as of November 30, 2015 is $4,288.81. Accordingly, Plaintiffs are owed $17,145.71 in interest as of November 30, 2015.

    **D.   Attorneys' Fees**

Plaintiffs seek $7,840.50 in attorneys' fees. In support of this request, Plaintiffs submit a Declaration of Attorneys' Fees and Costs and Exhibit K, a spreadsheet of the hours billed by Plaintiffs' counsel. (ECF Nos. 16-13; 16-14). Exhibit K indicates that the firm spent 46.5 hours working on this case on behalf of Plaintiffs. (ECF No. 16-14, at 2). Prior to October 1, 2014, the work was done at a rate of $100 per hour for paralegal time and $275 per hour for attorney time. Work performed on or after October 1, 2015 was done at a rate of $122 per hour for paralegal time and $310 per hour for attorney time. (*Id.* at 1). These rates are within the Local Rules' guidelines. Local Rules App'x B, at 3. The paralegal spent 33.25 hours and the lawyer spent 13.25 hours working on this case. (ECF No. 16-

7

14).  The sum of $7,840.50 is accurate based on the figures listed in Exhibit K and is reasonable given the timeline of this case.

    **E.   Costs**

Plaintiffs seek $585.00 in costs.  Exhibit K indicates that the costs were $400.00 for the complaint filing fee and $185.00 for a private process server fee.  (*Id.* at 2).  Plaintiffs also attach an invoice indicating the amount paid for the out of state process service.  (ECF No. 16-15).  The sum of $585.00 is sufficiently supported by the record.

**IV.  Conclusion**

For the foregoing reasons, Plaintiffs' motion for summary judgment will be granted.  A separate order will follow.

                                        /s/
                        DEBORAH K. CHASANOW
                        United States District Judge